**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

CELESTE RICHIE,

Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

Defendant.
__________________________________/

**COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Celeste Richie, files this Complaint against Defendant, Life Insurance Company of North America, and says:

## I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

## II. PARTIES

2. Plaintiff, Celeste Richie ("Ms. Richie"), is a citizen of the United States and was at all times relevant a participant of the group disability insurance policy at issue (the "Disability Policy").

3. Defendant, Life Insurance Company of North America ("Defendant") is the insurer and claims administrator of the Disability Policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

## III. FACTS

4. At all times material to this action there was in full force and effect a group Disability Policy that was underwritten by Defendant.

5. At all times material to this action there was in full force and effect a group Disability Policy that was administered by Defendant.

6. At all times material, Defendant operated under an inherent structural conflict of interest because of Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

7. At the time of her disability, Ms. Richie was employed with Insperity Holdings, Inc., as a Vice President. By virtue of her employment, Ms. Richie was an eligible participant of the Disability Policy at all times material to this action.

8. The purpose of the Disability Policy was to provide Ms. Richie a disability benefit payment in the event that she became disabled.

9. The Disability Policy stipulates that a Short-Term Disability ("STD") benefit is paid for the first 6 months of Disability.

10. The Disability Policy stipulates that a Long-Term Disability ("LTD") benefit is paid after the first 6 months of Disability.

11. The Disability Policy defined Total Disability or Totally Disabled, in pertinent part, as follows:

> **Disability/Disabled**:
>
> You are considered Disabled if, solely because of Injury or Sickness, you are:
>
> 1. Unable to perform the material duties of your Regular Occupation; or
> 2. Unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.

After Disability Benefits have been payable for 30 months, you are considered Disabled if, solely due to Injury or Sickness, you are:

1. Unable to perform the material duties of any occupation for which you are, or may reasonably become, qualified based on education, training or experience; or

2. Unable to earn 80% or more of your Indexed Earnings.

12. Ms. Richie suffers from a constellation of medical conditions, including, but not limited to, Long-COVID, Myalgic encephalomyelitis chronic fatigue syndrome (ME/CFS), migraines, SIBO, multiple intracranial meningiomas, chronic migraines, fourth nerve palsy, vertigo, and chronic gastrointestinal dysfunction.

13. Ms. Richie is unable to perform the material duties of her Regular Occupation or any occupation and is unable to earn 80% or more of her Indexed Earnings. She is disabled under the terms of the Disability Policy.

14. Ms. Richie was forced to discontinue working on or around July 19, 2024, due to her disabling conditions.

15. Ms. Richie submitted her claim for disability benefits pursuant to the terms of the Disability Policy.

16. On August 1, 2025, Defendant issued a letter acknowledging receipt of Ms. Richie's claim for STD benefits and assigned the claim Incident No. 13949760-01.

17. By letter dated September 25, 2024, Defendant denied Ms. Richie’s claim for STD benefits.

18. By letter dated January 6, 2025, Ms. Richie timely appealed Defendant’s denial of her STD claim.

19. In support of her appeal for STD benefits, Ms. Richie submitted a letter authored by Jaime Devine, FNP-BC, concluding that Ms. Richie’s “pain, fatigue, and brain fog have gotten so severe that she was unable to work nor perform many of her normal activities of daily living.”

20. In support of her appeal for STD benefits, Ms. Richie submitted a letter authored by Julieanne McGregor, M.D., concluding that "Celeste's conditions and symptoms prevent her from performing essential job functions, including but not limited to concentration, decision making, sitting at a desk for extended periods, and looking at screen for extended periods."

21. By letter dated March 21, 2025, Defendant confirmed receipt of Ms. Richie's claim for LTD benefits and assigned the claim Incident number 13949760-02.

22. With its March 21, 2025 letter, Defendant asked Ms. Richie to complete and submit LTD claim forms, including:

> -- Enclosed Disability Questionnaire and Activities of Daily Living form, to be completed and signed by you
> -- Valid proof of your age, such as a copy of your Driver's License or Birth Certificate
> -- Enclosed Reimbursement Agreement, signed by you

23. By letter dated April 3, 2025, Ms. Richie provided Defendant with the requested LTD claim forms.

24. With her letter dated April 3, 2025, Ms. Richie provided Defendant with medical records, personal statements, and letters authored by treating providers.

25. By letter dated April 11, 2025, Defendant first notified Ms. Richie that as part of its review for LTD benefits, it had requested progress notes from LCSW Jeremy Moore from July 22, 2024, through present.

26. By letter dated May 1, 2025, Defendant denied Ms. Richie's appeal for STD benefits.

27. By letter dated May 16, 2025, Ms. Richie provided Defendant with Jeremy Moore's treatment notes from July 24, 2024, through April 25, 2025.

28. By letter dated June 8, 2025, Defendant notified Ms. Richie that it had received

"Progress Notes from LCSW Jeremy Moore July 24, 2024 through April 25, 2025," and that it was reviewing this documentation in connection with her claim for LTD benefits.

29. By letter dated July 7, 2025, Defendant notified Ms. Richie that it remained unable to make a decision on her claim for LTD benefits but had received and was reviewing the following information:

- Progress Notes from LCSW Jeremy Moore from July 24, 2024 through April 25, 2025
- Progress Notes from FNP Jaimie Devine from April 18, 2024 through January 5, 2025
- Clarification Note from FNP Jaimie Devine dated August 20, 2024
- Progress Note from MD Julieanne McGregor
- Right breast ultrasound dated September 10, 2024
- Abdominal ultrasound dated October 23, 2024
- Lumbar X-RAY dated October 29, 2024
- Lab results from October 31, 2024
- Nutrition Assessment dated January 13, 2025
- Brain MRI dated January 15, 2025
- Neurosurgery Visit Note dated January 22, 2025

30. By letter dated July 25, 2025, Defendant denied Ms. Richie's LTD Claim stating:

> Your Short Term Disability ( STD) and Long term Disability ( LTD ) are part of one integrated policy ( SLK - 0980001 ) making this claim one ongoing claim. The first 6 months considered, if approved, would be paid on a weekly basis and then after 6 months would be reviewed and if approved would continue to be paid on a monthly basis. Your weekly STD portion of the claim was denied under policy ( SLK-0980001). Due to this we are unable to consider, review, or make a decision solely on the monthly LTD portion of the claim.

31. In its July 25, 2025 denial letter, Defendant advised Ms. Richie of her appeal rights under ERISA, confirming that she must submit her appeal within 180 days of her receipt of the denial letter, and that she may submit the following information in support of her appeal:

- You may also submit additional information. Additional information may include, but is not limited to: medical records from your doctor and/or hospital, test result reports, therapy notes, etc. These medical records should cover the period of July 20, 2024, forward.

32. By letter dated January 20, 2026, Ms. Richie timely appealed Defendant's denial of her LTD Benefits.

33. In support of her appeal, Ms. Richie submitted additional evidence of disability including, but not limited to, the following: (a) the report of an independent cardiopulmonary exercise test ("CPET"); (b) the report of an independent cognitive functional assessment ("CFA"); (c) an independent peer review; (d) an independent vocational assessment; and (e) letters of support authored by treating providers.

34. The CPET confirmed that "Ms. Richie's ability to carry out normal daily activities is very limited and renders her unable to perform the duties of her occupation or any reasonable sedentary work on a sustained basis."

35. The CFA confirmed that Ms. Richie "does not possess the required cognitive capacity for work at this time."

36. In his peer review, Farbod Rahaghi, Ph.D., confirmed that "Ms. Richie is unable to perform reliably and consistently perform [SIC] the tasks associated with her occupation as a vice president of an non-profit organization."

37. The Vocational Assessment completed by Ashley Johnson, MS, CRC, CLCP, confirmed that "[a]s a result of the combination of her symptoms, both physical and cognitive, Ms. Richie would be unable to perform her own occupation, or any occupation matching her qualifications."

38. By letter dated January 21, 2026, Defendant acknowledged receipt of Ms. Richie's appeal.

39. By letter dated January 29, 2026, Defendant confirmed its intention to request Ms. Richie's Social Security Disability file from the Social Security Administration ("SSA") and asked her to sign a Social Security Administration Consent for Release of Information form.

40. By letter dated February 11, 2026, Ms. Richie provided Defendant a signed Social

Security Administration Consent for Release of Information form.

41. By letter dated February 11, 2026, Defendant notified Ms. Richie that it was "missing information necessary to decide your appeal," specifically confirming that it had requested and was waiting on Ms. Richie's Social Security Disability file.

42. By letter dated March 11, 2026, Defendant again notified Ms. Richie that it was "missing information necessary to decide your appeal," specifically confirming that it had requested and was waiting on Ms. Richie's Social Security Disability file.

43. By letter dated April 2, 2026, Defendant denied Ms. Richie's appeal for LTD benefits stating:

> Under the Insperity Holdings Incorporated policy, SLK-0980001, the Short Term Disability (STD) and Long Term Disability (LTD) benefits are part of a single, fully integrated disability program. Under this integrated structure, a claim is treated as one continuous claim, with the initial period (up to six months) evaluated and, if approved, paid as STD benefits on a weekly basis. Only after the STD benefits are approved and paid through the applicable term date can the claim transition to consideration for LTD benefits, which are then evaluated for ongoing monthly payment.
>
> In this case, the STD portion of your client's claim was denied on September 25, 2024. That determination was subsequently upheld on appeal on May 1, 2025, at which time your client exhausted all administrative levels of appeal.
>
> Because the STD claim was not approved, and no benefits were payable through the required term period, the policy conditions necessary to trigger review of the LTD portion of the claim have not been satisfied. Accordingly, we are unable to consider, review, or render a determination on the LTD portion of the claim independently.

44. Ms. Richie exhausted her appeals under ERISA.

45. In denying Ms. Richie's STD and LTD benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

46. The denial of Ms. Richie's STD and LTD benefits was a breach of the terms of the Disability Policy, and the decision was wrong.

47. Defendant's denial of Ms. Richie's STD and LTD benefits breached the fiduciary

duties owed to Ms. Richie under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Richie as a participant of the Disability Policy.

## IV. COUNT I: DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 47 as if fully stated herein and says further that:

48. Plaintiff is entitled to certain benefits of the policy consisting of past STD and LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. § 1132(a)(1)(B).

49. Plaintiff is entitled to the benefits identified herein because:

a. the benefits are permitted benefits under the Disability Policy;

b. Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

50. Defendant has refused to pay the benefits sought by Ms. Richie, ignoring the medical records and clear opinions of her physicians.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 50 as if fully stated herein and says further that:

51. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid STD and LTD benefits.

52. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. § 1132(g)(1) Plaintiff is entitled to

reasonable attorney's fees and costs of this action.

53. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the Disability Policy had her benefits not been wrongfully denied by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Celeste Richie, prays for a judgment against Defendant, Life Insurance Company of North America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

***Respectfully submitted this 24th day of July 2026,***

*/s/ Kevin Schaefer*
Kevin Schaefer (FBN. 123688)
kevin@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff*